### John Colwell *vs.* Jonathan E. Smith.

From the time a person enters into possession of public land in this Territory in pursuance of the pre-emption law, whether the same be surveyed or not, such person is entitled to the protection of the Court in his possession.

By affording such protection the Courts do not encroach upon the jurisdiction of the land department of the government. In such cases the Court will not decide questions arising out of conflicting boundaries—priority of settlement, or other questions properly belonging to the land office, but they will protect actual possession, and if need be protect from waste or irreparable injury, by injunction.

In this case the jury finding in favor of the plaintiff for the possession of the whole of the premises, the Court was unwilling to grant a writ of restitution, unless the plaintiff would concede to defendant the possession of a sufficient part thereof to enable him to preserve his rights as a claimant before the land office.

Appeal from the First Judicial District, holding terms for Walla Walla county.

Opinion by Strong, Associate Justice.

This is an action commenced in the District Court for the county of Walla Walla, and tried there at the last term thereof, before the Judge of the First District. On account of the important questions involved, it was reserved by the Judge for the consideration of the Supreme Court.

The complaint alleges that the plaintiff, claiming under the pre-emption laws of the United States, was in exclusive legal possession of one hundred and sixty acres of unsurveyed public lands, in the county of Walla Walla, and describes his claim by natural marks, metes and bounds, and alleges that while so legally in possession, he was wrongfully ousted and deprived of his possession, by the defendant, and he seeks a writ of restitution. The defendant sets up a counter claim to the same premises, under the same laws.

It appears by the allegations and admissions, that the pres-

ent possession of the premises is important, owing to the great value of the natural hay growing upon the premises.

The case was tried by a jury, who found that the plaintiff was in the actual possession of the entire premises, and was wrongfully ousted from the same by defendant.

The District Court, upon this special finding of the jury, have reserved the case.

The situation of claimants under the pre-emption laws as applicable to this Territory, is not unattended with difficulties. By act of Congress, qualified persons can enter, reside upon unsurveyed as well as surveyed public lands, and acquire the right to pre-empt one hundred and sixty acres to be located after the survey, in legal subdivisions.

It is also provided in the pre-emption laws, that all conflicts of boundary and disputes in regard to priority of settlement, shall be settled by the register and receiver of the land office, who cannot act in the premises effectually to protect the settler in his rights, until surveys are made—they are furnished with proper plats, etc., and until the claimants, or some of them, are ready and entitled to enter the lands and receive the certificate therefor.

It may therefore be a long time before their action can be had in many important cases similarly situated with the one before the Court.

Over ten years have elapsed since the donation law took effect, and some of the earliest claims taken under that law yet await the extension of the public surveys for final adjustment.

The moment a person qualified to pre-empt, settles upon unoccupied public land in this Territory, surveyed or unsurveyed, and complies with the provisions of the pre-emption law, that moment he acquires a right to the possession of the land which will be awarded to him under those laws, which is a legal right, and from that moment the courts, which are the proper tribunals for the redress of wrongs and the protection of rights, should be open for his protection.

In exercising this authority, we should carefully avoid trespassing upon the jurisdiction conferred by law upon other tribunals, while we must so construe our powers as to afford adequate protection to all the rights of the settlers.

It is not possible to determine the precise metes and bounds to be occupied, because, to do this, the public surveys must have been extended over the land claimed, and the legal subdivisions ascertained. Neither can we determine upon conflicts of boundaries, or between two persons claiming by priority of settlement, who shall have the land, for these questions are entrusted to the register and receiver.

While therefore we will not decide between two conflicting claimants, both of whom are actually in possession of certain portions of the claim in dispute, who is in the right, so far as to dispossess one or the other from the entire claim, which would render it impossible for him to prove that residence the law requires, and thus contest his claim before the register and receiver, we can and must protect either party from trespass by the other, upon such portion of the claim as may be in the actual exclusive possession of such party. We can also, in a proper case, prevent the commission of waste, or anything tending to produce irreparable injury, by injunction.

The jury in this case having found the entire right in the plaintiff to all the premises, the Court could not grant a writ of restitution according to the verdict, without taking it out of the power of the defendant ever to bring the question before the register and receiver, where he has a right to be heard. But should the plaintiff file a stipulation that the writ shall not be so executed as to deprive the defendant of such possession as he may have—of his dwelling house and enclosures, made and exclusively occupied by himself—the writ can issue for the remainder.

The question which may arise from the transactions of the receiver appointed by the District Court, we leave for that Court to determine.

The required stipulations having been filed, it is hereby

ordered that this cause be remanded to the District Court of Walla Walla, to be proceeded in according to the decision herein, and that the plaintiff pay the costs in the Supreme Court.